**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| STEPHEN BEACHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-00801-G (BF) |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION a/k/a FANNIE MAE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants' Motion to Dismiss (doc. 5, "Motion to Dismiss"), filed on March 22, 2012. Defendants Bank of America, N.A. ("Bank of America") and Federal National Mortgage Association ("Fannie Mae") (collectively referred to as "Defendants") request this Court to dismiss all the claims in Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Petition") for failure to state a claim upon which relief may be granted. Plaintiff failed to file a response and the time to do so has expired. Based on the following reasons, the Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against Defendants with prejudice.

**Background**

This lawsuit stems from Defendants' attempt to foreclose on Plaintiff's property due to Plaintiff's failure to fulfill his payment obligations under the loan securing the property. Bank of America is the mortgage service provider, or the mortgagee, and Plaintiff is the mortgagor. On January 31, 2012, Plaintiff filed his Petition in the 68th Judicial District Court of Dallas County,

Texas against Defendants. (Doc. 1, Ex. A3.) On March 16, 2012, Defendants timely removed the case to this Court. (Doc. 1.) In his Petition, Plaintiff alleges the following causes of action: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the National Housing Act; (3) violation of the Unfunded Mandates Reform Act; and (4) violations of the Texas Property Code and the Texas Debt Collection Act.

Plaintiff claims that in April 2010, he requested a loan through Bank of America, but was denied because of title issues and a mix up between the block and lot where the property was located. (Pl.'s Pet. at 2.) Plaintiff then states that he contacted another representative at Bank of America who told him that he would qualify for a loan modification if he submitted financial information that proved his hardship. (*Id.*) Plaintiff alleges that in May 2010, Bank of America foreclosed on Plaintiff's property located at 9633 Jennie Lee Ln., Dallas, Texas, without giving Plaintiff a loan modification. (*Id.*) However, Plaintiff states that the property was never actually foreclosed upon because a judge would not allow the foreclosure due to incorrect title information. (*Id.* at 3.) Plaintiff seeks injunctive relief from this Court to enjoin Defendants from evicting Plaintiff and foreclosing on his property. (*Id.* at 5.)

### **Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant

2

may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* Moreover, if "the plaintiff has failed to plead with particularity after repeated opportunities to do so," a court may dismiss a claim that fails to meet the pleading requirements without granting the plaintiff leave to amend his complaint again. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Analysis

**Real Estate Settlement Procedures Act ("RESPA")**

In his Petition, Plaintiff alleges violations of RESPA pursuant to 12 U.S.C. § 2605(e)(1), (2) and (3). He also alleges a violation of RESPA under the Code of Federal Regulations on Mortgage Servicing Transfers pursuant to 24 C.F.R. § 3500.21(e). In support of his RESPA claims pursuant to § 2605(e)(1) and (2), Plaintiff argues that Bank of America "had a duty to acknowledge receipt

3

of the Plaintiff's qualified written request seeking other information from the Defendant relating to the servicing of the Plaintiff's loan and the duty to thoroughly and completely conduct an investigation of the other information sought by the Plaintiff relating to the Plaintiff's loan." (Pl.'s Pet. at 3.) Plaintiff clarifies that "the information sought by the Plaintiff relating to the servicing of the Plaintiff's loan is a fair, honest and complete Loss Mitigation review of Plaintiff's mortgage loan according to 12 U.S.C. § 2605e(1)(A)(B)(i)(ii)(2)." (*Id.*)

Plaintiff is correct in that § 2605(e)(1) and (2) addresses the duties of a loan servicer to respond to borrower inquiries. However, Fannie Mae is not a loan servicer. Although it is unclear whether Plaintiff asserts a cause of action against Fannie Mae under RESPA, the Court notes that Fannie Mae was under no duty to respond to Plaintiff's alleged qualified written request. *See* 12 U.S.C. § 2605(e)(1)(A). Thus, Plaintiff has failed to allege a cognizable claim against Fannie Mae under RESPA.

Regarding the claim against Bank of America, Plaintiff has failed to provide any facts in his Petition which demonstrate that he even made a qualified written request to Bank of America. Plaintiff stated that he contacted Bank of America twice, but he also stated that he spoke with a representative each time. This would lead the Court to believe these conversations were either over the phone or in person. Plaintiff fails to provide the date that he made this alleged qualified written request. Additionally, Plaintiff failed to attach any documents purporting to be a qualified written request to his Petition.

Even so, giving Plaintiff the benefit of the doubt, he states that his qualified written request was for information regarding loss mitigation review. A qualified written request is a written correspondence that includes the name and account of the borrower, and a statement regarding why

the borrower believes the account is in error or what information the borrower seeks. *See* 12 U.S.C. § 2605(e)(1)(B). A qualified written request must be related to the servicing of the loan. *See* 12 U.S.C. § 2605(e)(1)(A); *Reed v. Litton Loan Servicing, L.P.,* No. 1:10-CV-217, 2011 WL 817357, *3 (E.D. Tex. Jan. 27, 2011). "Servicing" of a loan includes "any scheduled periodic payments from a borrower" or "the making of . . . payments of principal and interest . . ." 12 U.S.C. § 2605(i)(3). Requesting information regarding loss mitigation review does not relate to "servicing" of a loan as provided in 2605(i)(3). A request for a loan modification does not dispute or request information regarding how a loan is being serviced. *Reed,* 2011 WL 817357 at *4 (citing *Shatteen v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 4:10-CV-107, 2010 WL 4342071, *8 (E.D. Tex. Sept. 30, 2010). Plaintiff has failed to provide any facts that his alleged request pertained to the "servicing" of his loan, and thus, he cannot demonstrate that he made a qualified written request. Hence, Plaintiff has not stated a legally cognizable claim against Bank of America under 12 U.S.C. § 2605(e)(1) or (2).

Plaintiff alleges another violation of the RESPA statute under 12 U.S.C. § 2605(e)(2)(3). Plaintiff claims that Defendant "failed to negotiate in good faith to allow Plaintiff time to cure the deficiency as required by law." (Pl.'s Pet. at 3.) He also states that Defendant was required to provide him an opportunity to cure defaults on his loan. (*Id.*) Neither § 2605(e)(2) nor § 2605(e)(3) mandates a loan servicer to negotiate in good faith or allow a borrower an opportunity to cure defaults on his loan.

12 U.S.C. § 2605(e)(2) addresses the responsibilities of a loan servicer upon receipt of a qualified written request from a borrower. As stated previously, Plaintiff has failed to provide facts to show that he made a qualified written request to Defendants. Thus, this section of the statute is inapplicable here. Section 2605(e)(3) also pertains to qualified written requests and mandates that

a loan servicer must wait sixty days before reporting a borrower's non-payment to a consumer reporting agency. 12 U.S.C. § 2605(e)(3). The qualified written request must be related to a dispute regarding the borrower's payments. *Id.* Plaintiff has failed to prove that he made a qualified written request, and Plaintiff does not even claim that his alleged request pertained to disputed payments. He states that his request sought a loan modification. Section 2605(e)(3) does not apply here, and Plaintiff has failed to state a claim under RESPA against either Defendant.[1]

**National Housing Act**

Plaintiff alleges a violation of Section 1715v of the National Housing Act. 12 U.S.C. § 1701 *et seq.* Specifically, Plaintiff claims that Defendants were under a duty to negotiate in good faith and allow Plaintiff to cure the deficiency under his loan. (Pl.'s Pet. at 3.) Section 1715v addresses mortgage insurance for housing for elderly persons, and nowhere in the statute does it mention a duty to negotiate in good faith or a duty to allow a borrower to cure defaults on the loan. *See* 12 U.S.C. § 1715v. Plaintiff then also makes the conclusory allegation that "pursuant to the various provisions in the Code of Federal Regulations . . . Defendant was required to provide Plaintiff with an opportunity to cure defaults on the loan by, among other options, entering into certain modification agreements." (Pl.'s Pet. at 3.) This Court disagrees.

In the Fifth Circuit, courts have consistently held that a borrower does not have a private cause of action under the National Housing Act or any of its accompanying regulations. *See Roberts*

---

[1] The Court notes that Plaintiff claims another violation of RESPA under 24 C.F.R. § 3500.21(e). The section of this statute is nearly identical to § 2605(e), in that it also pertains to the duties of a loan servicer in responding to a borrower's qualified written request regarding the servicing of his loan. *See* 24 C.F.R. § 3500.21(e). This statute makes no mention of a loan servicer provider's duty to negotiate in good faith or allow a borrower an opportunity to cure the defaults in his loan. *See id.* As discussed previously, Plaintiff has failed to provide any facts to demonstrate that he made a qualified written request regarding the "servicing" of his loan. Thus, Plaintiff has failed to state a claim under this section of RESPA as well.

*v. Cameron-Brown Co.,* 556 F.2d 356, 360 (5th Cir. 1977) (holding that the National Housing Act and regulations promulgated thereunder "deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow"); *Moses v. Banco Mortgage Co.,* 778 F.2d 267, 271-72 (5th Cir. 1985)(stating that there is no express private right of action under the National Housing Act, and the court will not imply such rights to private parties); *Countrywide Home Loans, Inc.,* 3:08-CV-0916-B, 2009 WL 1810336, *3 (N.D. Tex. June 24, 2009) (citing a string of cases where the courts held there is no private cause of action under the Fair Housing Act or its companion regulations); and *Mitchell v. Chase Home Finance, LLC,* 3:06-CV-2099-K, 2008 WL 623395, *3 (N.D. Tex. Mar. 4, 2008) (holding that the National Housing Act creates a relationship between the mortgagee and the government, and thus the mortgagor has no private right of action for the mortgagee's noncompliance).

Since Plaintiff is the mortgagor, he has no private cause of action under the National Housing Act against Defendants for an alleged duty owed. Thus, Plaintiff has failed to allege facts which state a claim upon which relief may be granted.

**Unfunded Mandates Reform Act**

Plaintiff similarly claims that Defendants violated the Unfunded Mandates Reform Act. 2 U.S.C. § 1501 *et seq.* Plaintiff states that Defendants were under a duty to allow Plaintiff a chance to cure the default on his loan by entering into a loan modification. (Pl.'s Pet. at 3.) The Unfunded Mandates Reform Act specifically states that "no provision of this Act shall be construed to create any right or benefit, substantive or procedural, enforceable by any person in any administrative or judicial action." 2 U.S.C. § 1571(b)(2). Hence, there is no private right of action under the Unfunded Mandates Reform Act and Plaintiff has failed to state a legally cognizable claim.

**Texas Debt Collection Act**

Finally, Plaintiff alleges violations of the Texas Debt Collection Act and the Texas Property Code § 51. (Pl.'s Pet. at 4.) Plaintiff claims that Bank of America wrongfully accelerated the note and deed of trust, and thus, the foreclosure process should be enjoined. (*Id.*)

Section 51 of the Property Code addresses the Code's provisions which are applicable to liens. Plaintiff admits that he is in default under his loan. As previously described, Plaintiff has failed to show any facts constituting wrongful acceleration, and thus, he cannot state a claim for relief under the Texas Property Code.

Similarly, Plaintiff also alleges a claim under the Texas Debt Collection Act. TEX. FIN. CODE ANN. § 392 *et seq*. Specifically, Plaintiff alleges a violation of Section 392.301(8).[2] This section states that "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . threatening to take an action prohibited by law." *Id.* at § 392.301(a)(8). However, a debt collector may exercise or threaten to exercise a statutory or contractual right of non-judicial foreclosure under the Finance Code. See i*d.* at. § 392.301(b)(3); *Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, *3 (N.D. Tex. 2011).

Here, first and foremost, Plaintiff fails to allege any facts which demonstrate that Defendants wrongfully accelerated on the note or deed of trust. Additionally, Plaintiff has made no substantiated allegations that Bank of America has engaged in the use of threats or coercion to take an action prohibited by law. He merely alleges that Defendants did not respond to his qualified written request and did not allow him a chance to cure the deficiency on his loan through a loan modification. This Court has already found that Plaintiff did not make a qualified written request nor did Bank of

---

[2] The Court assumes that Plaintiff is actually referring to Section 392.301(a)(8), as there is no Section 392.301(8) in the Finance Code.

8

America have an obligation to give Plaintiff a loan modification. Furthermore, Plaintiff does not dispute that Bank of America is the mortgagee, and thus, has a contractual right to foreclose on the property under the deed of trust.

The Court finds that Defendants were merely exercising their contractual rights to non-judicial foreclosure under the deed of trust. Therefore, Plaintiff has failed to state a legally cognizable claim under the TDCA.

**Injunctive Relief**

A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex.App. 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff has failed to state a valid cause of action against Defendants, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief fails as a matter of law.

### Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 5) and dismiss Plaintiff's Petition with prejudice because Plaintiff failed to state a valid cause of action against Defendants.

SO RECOMMENDED, May 25, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).